No. 24-1203

IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

DORIAN FURLOW, ERIC FURLOW, COURTEZ FURLOW,
COURTNEY FURLOW, and COURTREAUNA FURLOW,
*Plaintiffs-Appellants,*

v.

TWIN CITY FIRE INSURANCE COMPANY,
*Defendant-Appellee,*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
Honorable Audrey G. Fleissig
District Court No. 4:23-cv-00059-AGF

# APPELLANTS' BRIEF

Robert J. Radice #30697MO
HORAS, RADICE & ASSOCIATES, LLC
*Attorneys for Plaintiffs-Appellants*
2123 Marconi Avenue
St. Louis, MO 63110
(314) 241-4505
(314) 241-7779 Fax
bradice@HRmidwestlaw.com

## SUMMARY OF THE CASE AND REQUEST FOR ORAL ARGUMENT

Plaintiffs/Appellants Dorian Furlow, Eric Furlow, Courtez Furlow, Courtney Furlow, and Courtreauna Furlow ("Plaintiffs") filed suit against Defendant/Appellee Twin City Fire Insurance Company ("Twin City"), seeking underinsured motorists ("UIM") coverage in the amount of $100,000.00, in connection with the death of their mother/grandmother Verilla Furlow, pursuant to a policy of insurance purchased by Verilla Furlow and issued by Twin City.

Plaintiffs have appealed the District Court's entry of Judgment in favor of Twin City and against Plaintiffs, and accompanying Memorandum and Order denying Plaintiffs' Motion for Summary Judgment and granting Twin City's Motion for Summary Judgment.

Plaintiffs respectfully request Oral Argument of this appeal, not exceeding twenty (20) minutes.

**TABLE OF CONTENTS**

SUMMARY OF THE CASE AND REQUEST FOR ORAL ARGUMENT. . . . . . 1

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

JURISDICTIONAL STATEMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

STATEMENT OF ISSUES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

SUMMARY OF ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

CERTIFICATE OF COMPLIANCE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

ADDENDUM. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Morris v. Cradduck*, 954 F.3rd 1055 (8th Cir. 2020). . . . . . . . . . . . . . . . . . . . . . . 12

*Progressive Ins. Co. v. McDonough*, 608 F.3rd 388 (8th Cir. 2010). . . . . . . . . . . . 12

## STATE CASES

*American Family Mut. Ins. Co. v. Turner*,
    824 S.W.2d 19 (Mo. App. E.D. 1991).. . . . . . . . . . . . . . . . . . . . . . . . 5, 13, 16

*Buck v. American Family Mut. Ins. Co.*,
    921 S.W.2d 96 (Mo. App. E.D. 1996).. . . . . . . . . . . . . . . . . 5, 13, 14, 15, 16

*Gulf Ins. Co. v. Noble Broadcast*, 936 S.W.2d 810 (Mo. banc 1997). . . . . . . . . . . 13

*Jones v. Mid-Century Ins. Co.*, 287 S.W.3d 687 (Mo. banc 2009). . . . . . . . . . 12, 13

*Martin v. United States Fid. & Guar. Co.*, 996 S.W.2d 506 (Mo. banc 1999). . . . 12

*Owners Ins. Co. v. Craig*, 514 S.W.3d 614 (Mo. banc 2017). . . . . . . . . . . . . . 17, 18

*Peters v. Farmers Ins. Co.*, 726 S.W.2d 749 (Mo. banc 1987). . . . . . . . . . . . . . . . 18

*Ritchie v. Allied Prop. & Cas. Ins. Co.*, 307 S.W.3d 132 (Mo. banc 2009). . . . 5, 13

*Seeck v. Geico General Ins. Co.*, 212 S.W.3d 129 (Mo. banc 2007).. . . . . . 5, 12, 13

## STATUTES

28 U.S.C. §1332.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 6

28 U.S.C. §1291.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

§537.080 RSMo.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

## RULES

Fed. R. Civ. P. 56(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

## JURISDICTIONAL STATEMENT

On January 23, 2024, the Honorable Audrey G. Fleissig, United States District Judge for the United States District Court, Eastern District of Missouri, Eastern Division, entered the Memorandum and Order denying Plaintiffs' Motion for Summary Judgment, granting Twin City's Motion for Summary Judgment, and entered Judgment in favor of Twin City and against Plaintiffs. Subject matter jurisdiction before the District Court was pursuant to 28 U.S.C. §1332. Jurisdiction before this Court is founded upon 28 U.S.C. §1291. Plaintiffs' Notice of Appeal was timely filed on February 1, 2024.

<u>**STATEMENT OF ISSUES**</u>

**I.  WHETHER THE DISTRICT COURT ERRED IN ENFORCING THE LIMIT OF LIABILITY PROVISION OF THE UIM ENDORSEMENT BY REDUCING THE UIM COVERAGE BY THE AMOUNT PAID ON BEHALF OF ANGEL SHIELDS RESULTING IN NOTHING PAYABLE TO PLAINTIFFS.**


*Buck v. American Family Mut. Ins. Co.*,
     921 S.W.2d 96 (Mo. App. E.D. 1996)

*American Family Mut. Ins. Co. v. Turner*,
     824 S.W.2d 19 (Mo. App. E.D. 1991)

*Seeck v. Geico General Ins. Co.*,
     212 S.W.3d 129 (Mo. banc 2007)

*Ritchie v. Allied Prop. & Cas. Ins. Co.*,
     307 S.W.3d 132 (Mo. banc 2009)

# STATEMENT OF THE CASE

## NATURE OF CASE/PROCEDURAL HISTORY

Plaintiffs filed a breach of contract suit against Twin City in the Circuit Court for the City of St. Louis, State of Missouri, seeking UIM coverage in connection with the death of their Mother/Grandmother Verilla Furlow. (Jt. App. 11-14; R. Doc. 7, at 1-4).[1] Twin City removed the cause of action to the United States District Court, Eastern District of Missouri, Eastern Division, based on 28 U.S.C. §1332.

On January 23, 2024, the District Court entered its Memorandum and Order, denying Plaintiffs' Motion for Summary Judgment, granting Twin City's Motion for Summary Judgment, and entered Judgment in favor of Twin City and against Plaintiffs (Jt. App. 301-312; R. Doc. 43, at 1-11; R. Doc. 44, at 1) (Pl. Add. 1-12)[2]. Thereafter, Plaintiffs filed a timely Notice of Appeal before this Court. (Jt. App. 313; R. Doc. 45, at 1).

## STATEMENT OF FACTS

On August 29, 2021, Verilla Furlow died in a motor vehicle accident in the City of St. Louis, due to the negligence of Angel Shields. (Jt. App. 16; R. Doc. 26, at 1). Verilla Furlow was the named insured on an automobile insurance policy that she

---

[1] Jt. App. hereinafter refers to Joint Appendix.
[2] Pl. Add. hereinafter refers to Appellants' Addendum.

purchased from Twin City, which was in effect on the day of the accident, and provided coverage for Verilla Furlow's 2014 Kia Sorento that she was operating at the time of the accident. ("Twin City policy"). (Jt. App. 16; R. Doc. 26, at 1). The Twin City policy provided UIM bodily injury coverage, with limits of liability in the stated amount of $100,000.00 per person. (Jt. App. 17; R. Doc. 26, at 2; Jt. App. 173-220; R. Doc. 33-1, at 1-48).

Angel Shields carried automobile liability insurance coverage through Geico Casualty Company, that provided liability coverage, with limits of liability in the amount of $100,000.00 per person for this accident. (Jt. App. 16; R. Doc. 26, at 1). In compliance with the Twin City policy, Plaintiffs entered into a settlement with Angel Shields and Geico Casualty Company for the $100,000.00 policy limits.[3] (Jt. App. 17; R. Doc. 26, at 2). Although Plaintiffs received the $100,000.00 Geico policy limits, the parties have stipulated that Plaintiffs' compensatory damages they would be legally entitled to recover from Angel Shields exceed $200,000.00. (Jt. App. 17; R. Doc. 26, at 2).

---

[3] At the time of Verilla Furlow's death, she was not married, and her parents had predeceased her. Dorian Furlow and Eric Furlow are the children of Verilla Furlow. Courtez Furlow, Courtney Furlow, and Courtreauna Furlow are the grandchildren of Verilla Furlow. They are the children of Verilla Furlow's son Courtney Furlow, Sr., who predeceased Verilla Furlow. As a result, Plaintiffs are the only members of the class who are entitled to bring a Missouri wrongful death claim pursuant to §537.080 RSMo. (Jt. App. 17; R. Doc. 26, at 2).

Plaintiffs made a demand upon Twin City for the $100,000.00 UIM policy limits. Twin City denied Plaintiffs' demand, and this lawsuit followed. The relevant portions of the UIM coverage endorsement read as follows:

> THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.
>
> **UNDERINSURED MOTORISTS COVERAGE - MISSOURI**
> \*      \*      \*
>
> **PART C - UNINSURED/UNDERINSURED MOTORISTS COVERAGE - SECTION II - UNDERINSURED MOTORISTS COVERAGE is deleted from policy booklet 8524 and replaced with this endorsement.**
>
> With respect to the coverage provided by this endorsement, the provisions of the policy apply unless modified by the endorsement.
> **INSURING AGREEMENT**
> **A.** We will pay compensatory damages which an **insured** is legally entitled to recover from the owner or operator of an **underinsured motor vehicle** because of **bodily injury**:
> 1. Sustained by an **insured**; and
> 2. Caused by an accident.
> **C.** **"Underinsured motor vehicle"** means a land motor vehicle or trailer of any type to which a bodily injury liability bond or policy applies at the time of the accident but the amount paid for **bodily injury** under that bond or policy to an **insured** is not enough to pay the full amount the **insured** is legally entitled to recover as damages.
> **LIMIT OF LIABILITY**
> **A.** The Limit of Liability shown in the Declarations for Underinsured Motorists Coverage is for reference

purposes only; under no circumstances do we have a duty to pay the entire Limit of Liability stated in the Declarations for this coverage. The Limit of Liability shown in the Declarations for each person for Underinsured Motorists Coverage, less all sums paid by those who may be legally responsible, is our maximum limit of liability for all damages, including damages for care, loss of services or death, arising out of **bodily injury** sustained by any one person in any one accident. Subject to this limit for each person, the Limit of Liability shown in the Declarations for each accident for Underinsured Motorists Coverage, less all sums paid by those who may be legally responsible, is our maximum limit of liability for all damages for **bodily injury** resulting from any one accident.

This is the most we will pay regardless of the number of:

**1**.   **Insureds**;

**2**.   Claims made;

**3**.   Vehicles or premiums shown in the Declarations; or

**4**.   Vehicles involved in the accident.

**B**.   The Limits of Liability shall be reduced by all sums paid because of the **bodily injury** by or on behalf of persons or organizations who may be legally responible [sic]. This includes all sums paid under Part **A** of this Policy.

(Jt. App. 120-121; R. Doc. 31-1, at 19-20) (Pl. Add. 13-14).

Plaintiffs and Twin City filed cross Motions for Summary Judgment. Twin City argued that the Limit of Liability provision of the UIM endorsement unambiguously requires a set-off against the $100,000.00 UIM Limit of Liability by

the $100,000.00 Plaintiffs received on behalf of Angel Shields, thereby resulting in nothing payable to Plaintiffs.

Plaintiffs argued that the UIM endorsement is ambiguous such that the Limit of Liability provision is unenforceable, resulting in the full $100,000.00 in UIM coverage.

In denying Plaintiffs' Motion for Summary Judgment, and granting Twin City's Motion for Summary Judgment, the District Court held:

> The Twin City Policy's Limit of Liability provision unambiguously provides that Twin City will pay up to the declarations' listed amount ($100,000) minus what is paid by the underinsured motorist's policy. Thus, Plaintiffs' recovery of $100,000 from the Geico Policy left nothing to payable under the Twin City Policy.

(Jt. App. 308; R. Doc. 43, at 8) (Pl. Add. 8).

# SUMMARY OF THE ARGUMENT

The District Court erred in enforcing the Limit of Liability provision of the UIM endorsement by reducing the UIM coverage by the amount paid on behalf of Angel Shields, resulting in nothing payable to Plaintiffs.

The Insuring Agreement provision of the UIM endorsement promises to pay compensatory damages that an insured is legally entitled to recover from the owner or operator of an underinsured motor vehicle. The Limit of Liability provision then takes that coverage away. As a result the Twin City policy is ambiguous, and must be read to provide coverage to Plaintiffs.

# ARGUMENT

## THE DISTRICT COURT ERRED IN ENFORCING THE LIMIT OF LIABILITY PROVISION OF THE UIM ENDORSEMENT BY REDUCING THE UIM COVERAGE BY THE AMOUNT PAID ON BEHALF OF ANGEL SHIELDS RESULTING IN NOTHING PAYABLE TO PLAINTIFFS.

### STANDARD OF REVIEW

The applicable standard of review for this Court is *de novo*. *Morris v. Cradduck*, 954 F.3rd 1055, 1058 (8th Cir. 2020). Summary judgment is appropriate "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The interpretation of an insurance policy is a question of law for the Courts' determination. *Jones v. Mid-Century Ins. Co.*, 287 S.W.3d 687, 690 (Mo. banc 2009). "Interpretation of an insurance policy is a matter of state law." *Progressive Ins. Co. v. McDonough*, 608 F.3rd 388, 390 (8th Cir. 2010).

### AMBIGUITY WITHIN THE UIM ENDORSEMENT

The Missouri Supreme Court held the following in *Seeck v. Geico General Ins. Co.*, 212 S.W.3d 129, 132 (Mo. banc 2007):

> In construing the terms of an insurance policy, this Court applies 'the meaning which would be attached by an ordinary person of average understanding if purchasing insurance,' and resolves ambiguities in favor of the insured. *Martin v. United States Fid. & Guar. Co.*, 996 S.W.2d 506, 508 (Mo. banc 1999).

12

> 'An ambiguity exists when there is duplicity, indistinctness, or uncertainty in the meaning of the language in the policy. Language is ambiguous if it is reasonably open to different constructions.' *Gulf Ins. Co. v. Noble Broadcast*, 936 S.W.2d 810, 814 (Mo. banc 1997).
>
> If, however, 'policy language is ambiguous, it must be construed against the insurer.' *Gulf Ins. Co.*, *supra* at 814.

It is well-settled Missouri law that if one section of an insurance policy promises coverage, and another section of the policy takes that coverage away, the insurance contract is ambiguous. *Ritchie v. Allied Prop. & Cas. Ins. Co.*, 307 S.W.3d 132, 140-141 (Mo. banc 2009). As the Missouri Supreme Court stated in *Ritchie*:

> …if a contract 'promises something at one point and takes it away at another, there is an ambiguity…and if policy language is ambiguous, it must be construed against the insurer.'

*Ritchie*, *supra* at 140; *Seeck*, *supra* at 132; *Jones*, *supra* at 690.

The District Court's finding that the Limit of Liability provision of the UIM endorsement unambiguously requires that the $100,000.00 in UIM coverage is to be reduced by the $100,000.00 paid by Geico on behalf of Angel Shields, resulting in nothing payable to Plaintiffs, is contrary to Missouri law.

Instructive to this issue are *Buck v. American Family Mut. Ins. Co.*, 921 S.W.2d 96 (Mo. App. E.D. 1996), and *American Family Mut. Ins. Co. v. Turner*, 824 S.W.2d 19 (Mo. App. E.D. 1991).

In *Buck*, the plaintiff was involved in a motor vehicle accident, wherein the tortfeasor's automobile insurance carrier paid its $50,000.00 per person liability policy limits to plaintiff. Plaintiff had purchased an automobile insurance policy with American Family which provided $50,000.00 per person in UIM bodily injury coverage, and plaintiff sought the $50,000.00 in that her damages exceeded $100,000.00. Plaintiff's insurance policy with American Family contained the following language in the UIM endorsement:

> We will pay compensatory damages for bodily injury which an insured person is legally entitled to recover from the owner or operator of an underinsured motor vehicle.
>
> Underinsured motor vehicle means a motor vehicle which is insured by a liability bond or policy at the time of the accident which provides bodily injury liability limits less than the damages an insured person is legally entitled to recover.

LIMITS OF LIABILITY

The limits of liability will be reduced by:

> 1. A payment made or amount payable by or on behalf of any person or organization which may be legally liable, or under any collectible auto liability insurance, for loss caused by an accident with an underinsured motor vehicle.

*Buck*, *supra* at 97-98. Similar to Twin City's argument in this case, American Family argued that the UIM coverage endorsement required a set-off of $50,000.00 for the

amount paid on behalf of the tortfeasor against the $50,000.00 in UIM coverage, thus

resulting in nothing payable to plaintiff. The Court disagreed, holding:

> Although American Family's interpretation appears reasonable if the "LIMITS OF LIABILITY" provision for set-off is considered in isolation, it is not reasonable in the context of the policy as a whole because it would render illusory the very coverage the policy purports to provide. **The language of the underinsured motorists endorsement expressly defines an underinsured motor vehicle as a vehicle insured with less coverage than the damages suffered by the insured** (emphasis added). Because the amount of coverage on the underinsured vehicle must be deducted from the insured's damages to determine whether the vehicle is underinsured and thus covered by the policy, to again deduct any payments made pursuant to the coverage on the underinsured vehicle effectively counts the same coverage twice. The effect is to render the policy duplicitous. There must always be at least some coverage on the underinsured vehicle in order to trigger the underinsured motorists coverage, yet the amount of coverage on the underinsured vehicle would always be set-off to reduce the stated policy limits for underinsured motorists coverage. In the context of this case, this would mean that none of the damages in excess of the other driver's policy limits would be covered, even though the policy requires that there be at least some damage in excess of those limits before the vehicle is deemed "underinsured," thereby triggering the underinsured motorist coverage in the first place. **Thus, the policy as interpreted by American Family would completely take away on the one hand what it purports to offer with the other** (emphasis added).

*Buck*, *supra* at 98-99.

The Court in *Buck*, citing *Turner*, noted the distinction between a policy that grants coverage when the other driver's liability limits are less than the damages an insured is legally entitled to recover, as compared to a policy that grants coverage only when the other driver's liability limits are less than the insured's UIM limits. The Court in both *Turner* and *Buck* held:

> …when the policy defines coverage by reference to the damages an insured is legally entitled to recover, the effect is to provide coverage for the damages not covered by the other driver's policy, up to the stated policy limits of the underinsured motorists coverage.

*Buck*, *supra* at 99; *Turner*, *supra* at 21-22.

The Insuring Agreement provision of the UIM endorsement in the Twin City policy promises to pay compensatory damages which an insured is legally entitled to recover from the owner or operator of an underinsured motor vehicle, and similar to the insurance policies in *Buck* and *Turner*, defines an underinsured motor vehicle as a vehicle with liability limits less than the damages an insured is legally entitled to recover. As a result, the Twin City policy provides UIM coverage for Plaintiffs' damages not covered by Angel Shields' automobile liability policy, up to the stated policy limits of $100,000.00 in UIM coverage. Since Twin City has stipulated that Plaintiffs' compensatory damages they would be legally entitled to recover from

Angel Shields exceed $200,000.00, Plaintiffs are entitled to a judgment as a matter of law in the amount of the $100,000.00 UIM policy limits.

### *OWNERS INS. CO. V. CRAIG*

The District Court relies heavily on *Owners Ins. Co. v. Craig*, 514 S.W.3d 614 (Mo. banc 2017) in holding that the Limit of Liability provision in the UIM endorsement is enforceable. *Owners* is not instructive to this case, and provides no precedential value to the facts presented in this case.

The facts in *Owners* were completely different to the facts in this case. While there was some similar language in the Limit of Liability provisions of the insurance policy in *Owners* as compared to the Twin City policy, the insured in *Owners* did not argue that the policy was ambiguous because the Insuring Agreement provision in the UIM endorsement, including its definition of an underinsured motor vehicle, was at-odds with the Limit of Liability provision, thus creating an ambiguity. In fact, in *Owners* the Missouri Supreme Court does not even reference the definition of an underinsured motor vehicle in its opinion. Rather, in *Owners* the insured argued that the policy was ambiguous because, despite the set-off language contained in the Limit of Liability provision, the insurance policy represented in the policy Declarations that the policy limits were $250,000.00. *Owners*, *supra* at 616. The Missouri Supreme

Court in *Owners* stated the following with respect to the significance of policy declarations, holding:

> …the declarations 'are introductory only and subject to refinement and definition in the body of the policy.' *Peters v. Farmers Ins. Co.*, 726 S.W.2d 749, 751 (Mo. banc 1987).  The declarations 'do not grant any coverage.'

*Owners*, *supra* at 617.  This is not the argument that is being made by Plaintiffs in this case.

## CONFIRMATION OF SUPPLEMENTAL AUTO COVERAGE

The Twin City policy contains a two-page document entitled Confirmation of Supplemental Auto Coverage.  (Jt. App. 106-107; R. Doc. 31-1, at 5-6)(Pl. Add. 16-17).   This two-page document lists Verilla Furlow's current uninsured and underinsured motorists Limits of Liability, and sets forth alternative Limits of Liability should she desire to make changes to her Twin City policy.  This two-page document does not set forth actual policy provisions, but rather is simply a sales pitch should an insured desire to change the Limits of Liability for uninsured and underinsured motorists coverages. It is meaningless in determining an insured's rights and Twin City's obligations relating to underinsured motorists coverage.  Instead, the UIM endorsement sets forth an insured's rights and Twin City's obligations.

Unfortunately, the District Court misinterpreted the significance of this two-page document.  The second page of the two-page document carries the heading of

COVERAGE DEFINITIONS, and contains a general discussion of uninsured and underinsured motorists coverages. The District Court quotes language from the second page, which reads in part:

> Underinsured Motorists Coverage pays benefits for bodily injury or death caused by an underinsured driver whose Bodily Injury Liability limits are less than your Underinsured Motorists Coverage limits and are inadequate to cover bodily injury losses you are legally entitled to recover as damages.

The District Court mistakenly held that this language precluded underinsured motorists coverage to Plaintiffs on the basis that Angel Shields' auto insurance policy bodily injury liability limits were equal to, and not less than, the UIM coverage limit under the Twin City policy. (Jt. App. 308; R. Doc. 43, at 8)(Pl. Add. 8).

The Insuring Agreement provision in the UIM endorsement sets forth that Twin City will pay compensatory damages an insured is legally entitled to recover from the owner or operator of an underinsured motor vehicle due to bodily injury. Further, an underinsured motor vehicle is defined as a motor vehicle with insufficient insurance coverage to pay the full amount an insured is legally entitled to recover as damages. There is no language in the UIM endorsement which would require an underinsured driver to have bodily injury liability limits less than the insured's UIM coverage limits to trigger UIM coverage. In fact, the UIM endorsement specifically states that the previous UIM coverage provisions were replaced by the endorsement. (Jt. App. 211;

19

R. Doc. 33-1, at 39). The previous UIM coverage provisions contained the following definition of an underinsured motor vehicle:

> **"Underinsured motor vehicle"** means a land motor vehicle or trailer of any type to which a bodily injury liability bond or policy applies at the time of the accident but its limit for bodily injury liability is less than the limit of liability for this coverage.

(Jt. App. 211; R. Doc. 33-1, at 39).

## CONCLUSION

If one section of an insurance policy promises coverage and another section takes it away, the insurance policy is ambiguous, and such ambiguity must be interpreted to provide coverage. This is exactly the situation in this case. The UIM endorsement in the Insuring Agreement provision promised coverage, and the Limit of Liability provision took it away. As a result, the Twin City policy is ambiguous, and must be interpreted to provide UIM coverage.

Plaintiffs respectfully request that this Court reverse the District Court's Judgment in favor of Twin City and against Plaintiffs, grant Plaintiffs' Motion for Summary Judgment, and enter Judgment in favor of Plaintiffs and against Twin City in the amount of $100,000.00.

/s/ Robert J. Radice

Robert J. Radice #30697MO
HORAS, RADICE & ASSOCIATES, LLC
*Attorneys for Plaintiffs-Appellants*
2123 Marconi Avenue
St. Louis, MO 63110
(314) 241-4505
(314) 241-7779 Fax
bradice@HRmidwestlaw.com

## <u>CERTIFICATE OF COMPLIANCE</u>

This brief complies with the type volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains <u>3,452</u> words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).  This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Word Perfect X6 in 14-point Times New Roman font.

<u>March 11, 2024</u>                      /s/ Robert J. Radice
                                                      *Attorney*

## **CERTIFICATE OF SERVICE**

I, Robert J. Radice, hereby certify that on March 11, 2024, I electronically filed the foregoing Appellants' Brief with the Clerk of the Court of the United States Courts of Appeals for the Eighth Circuit by using the CM/ECF System.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I further certify that the brief and addendum have been scanned for viruses and are virus free.

March 11, 2024                                    /s/ Robert J. Radice
                                                              *Attorney*